**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---

**PATRICIA BRANT**
        **Plaintiff,**                                **Civil Action No.**


**DEPUTY SHERIFF MAX G. VAN D'HUYNSLAGER;**    **Jury Trial Demanded**
**DEPUTY SHERIFF MICHAEL ABELL;**
**DEPUTY SHERIFF JOSE MOLINA;**
**DEPUTY SHERIFF YANCY PLAIR; and,**
**HIGHLANDS COUNTY, FLORIDA,**
        **Defendants.**

---

## COMPLAINT

Plaintiff, Patricia Brant, by and through her attorney, Law Office of Shirley J. Whitsitt, hereby brings this action under 42 U.S.C. §1983 to redress her civil and legal rights, and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff, **PATRICIA BRANT**, seeks relief for the Defendants' violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of Florida. Plaintiff seeks compensatory and punitive damages, an award of costs, interest, and attorney's fees, and such other and further relief as this Court deems just and proper.

1

## JURISDICTION AND VENUE

2.      This action is brought pursuant to the United States Constitution, 42 USC §1983 and §1988 (the Civil Rights Act of 1871) and the laws of the State of Florida, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

3.      This Court has jurisdiction under of 28 U.S.C. §1343, §1331, with supplemental jurisdiction conferred by 28 U.S.C. §1367 as to any state law claims and as against all parties so related to the claims within the original jurisdiction of this court that they form part of the same case or controversy.

4.      Venue is proper in this judicial district pursuant to **28 U.S.C. §1391**, because the acts complained of took place in Highlands County, Florida, which is part of this judicial district.

## JURY TRIAL DEMANDED

5.      Plaintiff demands a trial by jury on each of her claims as pleaded herein.

## PARTIES

6.      The Plaintiff, Patricia Brant ("Ms. Brant") is a United States citizen and, a resident of the City of Sebring, County of Highlands, State of Florida.

7.      Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair were, at all times pertinent herein, duly appointed and acting deputies, servants, employees, and agents of the Highlands County Sheriff's Office, an agency of Defendant Highlands County, Florida.   At all times pertinent herein, the individual Defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and the Highlands County Sheriff's

Office.  Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair are each sued in their individual and official capacities.

8.    Defendant Highlands County, Florida, at all pertinent times herein referenced, was and remains a governmental entity formed pursuant to the Constitution and laws of the State of Florida.  Defendant Deputies Van D'Húynslager, Abell, Molina, and Plair, were, at all times pertinent to this action, employed by Highlands County, Florida, as sworn officers; they were acting within the scope of their employment and under color of law.  At all times pertinent to this Complaint, Defendant Highlands County, Florida, through its sheriff's office, and through the individual Defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning—

> A.    The violation of and/or retaliation for individuals' rights to be free from unlawful arrest, unlawful search and seizure, and use of excessive force;
>
> B.    Discouraging sheriff deputies from reporting the  misconduct of other officers; and,
>
> C.    Disregarding the illegality and unconstitutionality of unlawful citizen detentions, excessive use of force, and unlawful searches and seizures.

The above-described policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## FACTUAL ALLEGATIONS

9.      On March 30, 2017, at approximately 9:00 p.m., the Plaintiff was traveling west on Mike Kahn Road, in Sebring, Florida, en route to her place of employment, Ferguson Enterprises.

10.     Plaintiff, who was driving her 2001 GMC truck south on Howard Avenue, stopped as she came to Mike Kahn Road.

11.     Plaintiff  turned right onto Mike Kahn Road, which dead-ends into Desoto City Road after .6 miles.

12.     As Plaintiff was traveling north on Mike Kahn Road toward Desoto City Road, Detective Van D'Huynslager initiated a stop on Plaintiff's vehicle for allegedly going 50 miles per hour in a 35 mile-per-hour zone.

13.     The stop took place at the intersection of Mike Kahn Road and Desoto City Road.

14.     Deputy Molina and Deputy Plair, driving separate vehicles, joined Detective Van D'Huynslager at the stop, which occurred at the intersection of Mike Kahn Road and Desoto City Road.

15.     Deputy Detective Van D'Huynslager approached Plaintiff's vehicle and told her she was going 50 mph in a 35-mph zone.  Plaintiff gave Deputy Detective Van D'Huynslager her driver's license, and Deputy Plair told her to exit her vehicle so that Deputy Molina, who had just arrived at the stop, could conduct a free-air sniff of Plaintiff's van.

16.     Plaintiff inquired of Deputy Plair what the probable cause was.

17.     Deputy Plair replied, "'cause I can."

4

18.     Plaintiff responded, "Just write me my ticket, and I'll be on my way."

19.     Deputy Molina stated that the drug dog had alerted on Plaintiff's vehicle.

20.     Deputy Detective Van D'Huynslager and Deputy Plair then reached into Plaintiff's vehicle, grabbed Plaintiff by her arms, and pulled her from her vehicle.

21.     Plaintiff lost her footing and fell to her knees.  Deputies D'Huynslager and Plair, while holding Plaintiff by her arms that were wrenched behind her back, lifted her to her feet.

22.     Deputy D'Huynslager then kicked Plaintiff's feet out from under her, and Plaintiff fell face first onto the asphalt, resulting in bloody injuries to her face.

23.     While Plaintiff was face-first on the asphalt, bleeding, Deputies D'Huynslager and Plair, assisted by Deputy Abell, twisted Plaintiff's arms that were being held behind Plaintiff's behind, causing Plaintiff excruciating pain.

24.     Plaintiff cried out, "You're hurting me; help!"

25.     In response, one of the three identified deputies pressed his knee and all his weight into Plaintiff's back as she lay prone on the asphalt; the other two deputies pushed down on Plaintiff's back with their hands, then took her wrists that were behind her back and placed handcuffs on them.

26.     While Plaintiff was lying face-first on the asphalt, one of the deputies rolled Plaintiff to her side and searched her pants pocket; the deputy then rolled Plaintiff to her other side and searched Plaintiff's other pants pocket.

27.     No drugs or other contraband were ever found on Plaintiff's person or in her vehicle.

28.     After searching Plaintiff's pockets, two of the deputies lifted Plaintiff to her feet by her handcuffed wrists, which were still wrenched behind her back.

29.     After Plaintiff was lifted to her feet and her arms were released, Plaintiff told the deputies she wanted to know their names and badge numbers.

30.     In response to this request, Deputy Molina flipped Plaintiff his raised middle finger, stuck out his tongue, and then blew air out his mouth, making the sound of "pfft", commonly known as a "raspberry."  Deputy Molina stated, "That's my name."

31.     Plaintiff was arrested for "resisting arrest", placed in the back of Deputy Van Fleet's patrol vehicle, and booked into the Highlands County Jail.

32.     Plaintiff's vehicle was towed from the scene by Artistic Towing.

33.     Deputy Van D'Huynslager completed a "Use of Force" form, which was approved by Sergeant Abell.

34.     Plaintiff was released from the jail on the morning of March 31, 2017, after paying $500.00.  At the time of her release from jail, Plaintiff was given a speeding ticket for going 50 miles per hour in a 35-mile-per-hour zone.

35.     Later on March 31, 2017, Plaintiff went to Artistic Towing and paid $212.50 to retrieve her vehicle.

36.     On April 12, 2017, the State of Florida "No-Billed" Plaintiff's charge of "Resisting an Officer Without Violence" which document states:

"BELIEVE DEFENDANT IS UNLAWFULLY DETAINED AND FRUIT OF THE POISONOUS TREE WILL EXCLUDE DOG ALERT, AND THEREFORE ROW/OV ["Resisting Officer Without Violence"] GETS TOSSED.  REASONING, OFFICERS PROLONGED STOP BY FOCUSING ON GETTING DEFENDANT OUT OF VEHICLE

RATHER THAN WRITING TICKET.  STOP PROLONGED BY WANTING DEFENDANT TO EXIT VEHICLE FOR FREE AIR SNIFF, NO REASON GIVEN FOR DEFENDANT TO GET OUT OF VEHICLE, (i.e., OFFICER SAFETY, ETC.).  DOES NOT APPEAR TICKET/CITATION WAS BEING WRITTEN CONCURRENTLY WITH DOG SNIFF.  SEE 187 So. 3d 346)".  [**Exhibit 2**]

37.     As a result of the Defendants' misconduct and false accusations, Plaintiff suffered physical and mental injuries, including:

        A.     Extensive Injury to her arms and shoulders; and,

        B.     Post-Traumatic Stress Disorder.

38.     Plaintiff has received medical treatment for her injuries from Dr. Richard Campbell, Dr. Richard Sassatelli, and various physical therapists.

39.     Plaintiff's injuries caused Plaintiff to perform more poorly at work, which requires her to perform physical labor.  She was fired from her position as a dock stocker with Ferguson Enterprises on August 2, 2017.

## COUNT I - EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

**AGAINST:  DEPUTY MAX G. VAN D'HUYNSLAGER, DEPUTY MICHAEL ABELL, DEPUTY JOSE MOLINA, AND DEPUTY YANCY PLAIR**

40.     Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-39.

41.     The force used by Deputies Van D'Huynslager, Abell, Molina, and Plair, acting in concert, under color of law, and within the scope of their employment, constituted

excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. § 1983.

42.     The force used by Deputies Van D'Huynslager, Abell, Molina, and Plair was objectively unreasonable and excessive; such force was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

43.     As a direct and proximate consequence and result of Deputies Van D'Huynslager, Abell, Molina, and Plair's unjustified and excessive use of force, the Plaintiff suffered injuries, including, but not limited to, physical injuries, pain and suffering, emotional anguish, loss of employment, as well as monetary loss and expenses.

## COUNT II – UNLAWFUL SEARCH OF PLAINTIFF'S PERSON AND VEHICLE

### AGAINST:  DEPUTY MAX G. VAN D'HUYNSLAGER, DEPUTY MICHAEL ABELL, DEPUTY JOSE MOLINA, AND DEPUTY YANCY PLAIR

44.     Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-43.

45.     Deputies D'Huynslager, Plair, and Molina, and Abell, acting in concert, and without probable cause, while holding Plaintiff face-down on the asphalt, unlawfully searched:

        A.     Plaintiff's pockets; and,

        B.     Plaintiff's vehicle.

46.     As a result of the unconstitutional and unlawful search of Plaintiff's person and vehicle, she has sustained damages, including humiliation, emotional anguish, pain and suffering, physical anguish, and monetary loss.

## COUNT III - FAILURE TO INTERVENE IN USE OF FORCE

## AGAINST: DEPUTY ABELL

47.     Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-46.

48.     Deputy Abell had supervisory authority over Defendants Van D'Huynslager, Molina, and Plair. As Deputy Abell viewed and participated in the physical attack on Ms. Brant, Deputy Abell had notice and knowledge of the unreasonable nature of the attack.

49.     Notwithstanding that fact, Deputy Abell failed to intervene to protect Ms. Brant, and he approved the use of force by Deputies Van D'Huynslager, Molina, and Plair.

50.     Deputy Abell's participation in and failure to intervene in the force used by Deputies Van D'Huynslager, Molina, and Plair was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

51.     As a direct and proximate result of Deputy Abell's unjustified and excessive use of force and failure to intervene, Ms. Brant suffered injuries, including, but not limited to, physical injuries, pain and suffering, emotional anguish, loss of employment, and monetary loss and expenses.

## COUNT III - FALSE ARREST

## AGAINST: DEPUTY MAX G. VAN D'HUYNSLAGER, DEPUTY MICHAEL ABELL, DEPUTY JOSE MOLINA, and DEPUTY YANCY PLAIR

52.     Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-51.

53.    Defendant Deputies Abell, Van D'Huynslager, Molina, and Plair did not have probable cause to arrest the Plaintiff.

54.    The actions of Deputies Abell, Van D'Huynslager, Molina, and Plair violated the Plaintiff's Fourth Amendment Rights and were in violation of 42 U.S.C. § 1983.

55.    As a direct and proximate consequence of said conduct of Defendant Deputies Abell, Van D'Huynslager, Molina, and Plair, the Plaintiff suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

## COUNT V – HIGHLANDS COUNTY LIABILITY

56.    Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-55.

57.    Upon information and belief, the County of Highlands, Florida, directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff because the County—

> A.    Engaged in policies and practices that proximately caused the constitutional violations and resulting injuries alleged; and,

> B.    Failed to train it's the individual Defendant deputy sheriffs on how to properly handle situations that present with potential for constitutional violations and malicious prosecution.

58.    Upon information and belief, at all times pertinent to this Complaint, Defendant Highlands County, acting through the Highlands County Sheriff's Office, had in effect policies, practices, and customs that condoned and fostered the unconstitutional

10

conduct of the individual Defendants and were a direct and proximate cause of the damages and injuries complained of herein.

## COUNT VI – ASSAULT AND BATTERY

### COMMON LAW CLAIM

### AGAINST: DEFENDANT DEPUTIES MAX G. VAN D'HUYNSLAGER, MICHAEL ABELL, JOSE MOLINA, AND YANCY PLAIR

59.     Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-58.

60.     By the conduct and actions described above, Defendants  Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair inflicted the torts of assault and battery upon Plaintiff.

61.     The acts and conduct of the Defendants, and each of them, were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

62.     The conduct of Defendants Max G. Van D'Huynslager, Michael Abell, Jose and Molina, Yancy Plair constituted an assault upon Plaintiff in that the Defendants, and each of them, intentionally attempted to injure Plaintiff or commit a battery upon her; such actions constituted a grievous affront to Plaintiff.

63.     The actions of the identified Defendants, and each of them, were without the consent of the Plaintiff.

64.     As a direct and proximate result of the actions of the identified Defendants, and each of them, Plaintiff sustained physical injuries, physical and emotional pain, and humiliation; additionally, Plaintiff was deprived of her liberty.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COMMON LAW CLAIM

### AGAINST: DEFENDANT DEPUTIES MAX G. VAN D'HUYNSLAGER, MICHAEL ABELL, JOSE MOLINA, AND YANCY PLAIR

65.     Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-64.

66.     The conduct of the Defendants, and each of them, which occurred without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community; the actions of the Defendants exceeded all reasonable bounds of decency.

67.     The conduct of the Defendants, and each of them, was intended to and did cause severe emotional distress to Plaintiff.

68.     The conduct of the Defendants, and each of them, was the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

69.     As a result of the foregoing actions of the Defendants, and each of them, the Plaintiff was deprived of her liberty, she was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

### COUNT VIII – RESPONDEAT SUPERIOR LIABILITY OF HIGHLANDS COUNTY, FLORIDA

70.     Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-69.

71.     The conduct of Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair occurred while each was on duty and in and during the course and scope of his duties and functions as a Deputy Sheriff for Highlands County, Florida.

12

72.     Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair were in uniform and acting as an agent, officer, servant, and employee of Defendant Highlands County, Florida.  As a result, Defendant Highlands County, Florida is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

## COUNT IX – NEGLIGENT SUPERVISION, RETENTION AND TRAINING
## COMMON LAW CLAIM AGAINST HIGHLANDS COUNTY, FLORIDA

73.     Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-72.

74.     Defendant Highlands County, Florida negligently trained, retained, and supervised Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair.  The acts and conduct of Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and  Yancy Plair were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

75.     As a result of the foregoing, Plaintiff was deprived of her liberty, subjected to great physical and emotional pain and suffering and is otherwise damaged and injured. Defendants Max G. Van D'Huynslager, Michael Abell, Jose Molina, and Yancy Plair.

## PRAYER FOR RELIEF

**WHEREFORE**,  Plaintiff prays that this Court award Plaintiff:

A.     Compensatory damages in an amount to be determined at trial, but not less than $250,000.00, jointly and severally against all Defendants;

B.     Punitive damages in an amount to be determined at trial;

C.     Reasonable costs and attorney's fees;

D.     Such other and further relief as this Honorable Court deems just.

Respectfully submitted,

8-10-17                                          /s/ *Shirley J. Whitsitt*

_____                _____
        Date                                   Shirley J. Whitsitt, FBN 40525
                                               Attorney for Plaintiff
                                               433 S. Pine St.
                                               Sebring, FL  33870
                                               Tel:  (863) 314-0039
                                               info@whitsittlaw.org

14

# EXHIBIT 1



# HIGHLANDS COUNTY SHERIFFS OFFICE
## BRANT, PATRICIA ANN
## BOOKING INFORMATION



| ☐ HIGH PROFILE | ☐ SUICIDAL | ☐ ESCAPE RISK | ☐ HOLD  Agency: |
|---|---|---|---|

**Booking No:** HCSO17JBN001103          **MNI No:** HCSO05MNI022124          **Cell Assigned: Cell not assigned.**

Address          : 3320 HOWARD AVE
City, State Zip: SEBRING, FL 33876                                        Telephone Number: 863-382-7133
SSN                                   DOB: 07/08/1969    Place of Birth: DADE         Citizenship: UNITED STATES
DL No: B653681697481                          City, State: MIAMI, FLORIDA              County: DADE
SID No:                                                                    

| | Race | Gender | Height | Weight | Hair | Eyes | Build | Skin | Hand |
|---|---|---|---|---|---|---|---|---|---|
| FBI No: | W | F | 506 | 165 | BRO | HAZ | —— | —— | —— |

Occupation: DOCK STOCKER               Employer : FERGUSON ENTERPRISES
                                       Telephone:

Date Booked: 03/30/2017   Date Released: 03/31/2017        Searched By: FERRANTE, TRACY L
Time Booked: 21:40        Time Released: 01:46             Printed By: FERRANTE, TRACY L
    Booked By: FERRANTE, TRACY L                               OBTS: 2802003639
Property Bag No: _____                            Photo By: FERRANTE, TRACY L

| Right Index Finger In | | Right Index Finger Out |
|---|---|---|
| | MNI No | |
| | HCSO05MNI022124 | |
| | Booking No | |
| | HCSO17JBN001103 | |

Inmate does hereby acknowledge receipt of all property and $_____ from the agency as correct.

**X**

**Defendant Signature**          **Date**               Witness Signature          Date

                                 Officer Signature          Date

| BRANT, PATRICIA ANN | Booking No: HCSO17JBN001103 | MNI No: HCSO05MNI022124 |
|---|---|---|

# EXHIBIT 2

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR HIGHLANDS COUNTY, FLORIDA

STATE OF FLORIDA,                    CASE NO.:    28-2017-MM-000317-A000-XXS
                                     DIVISON:     MS
vs.                                  AGENCY CASE #:   SO28 2017-002697


PATRICIA ANN BRANT
3320 HOWARD AVE
SEBRING FL 33876


CHARGE(S):
1)     RESISTING OFFICER WITHOUT VIOLENCE
                          **NOTICE OF NO BILL** [NB]

        PETER WOLFF as Assistant State Attorney, gives notice that the above-styled cause is

hereby **TERMINATED AND DISMISSED** for the following principal reason, to-wit:

        BELIEVE DEFENDANT IS UNLAWFULLY DETAINED AND FRUIT OF THE
POISONOUS TREE WILL EXCLUDE DOG ALERT, AND THEREFORE ROW/OV GETS
TOSSED. REASONING, OFFICERS PROLONGED STOP BY FOCUSING ON GETTING
DEFENDANT OUT OF CAR RATHER THAN WRITING TICKET. STOP PROLONGED BY
WANTING DEFENDANT TO EXIT CAR FOR FREE AIR SNIFF, NO REASON GIVEN
FOR DEFENDANT TO GET OUT OF CAR, (i.e. OFFICER SAFETY, ETC). DOES NOT
APPEAR TICKET/CITATION WAS BEING WRITTEN CONCURRENTLY WITH DOG
SNIFF. (SEE 187So.3d 346)         **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that a true copy of the foregoing has been furnished by US MAIL
service on  this 12th day of April, 2017 to above-named defendant..


                              /s PETER WOLFF
                              ASSISTANT STATE ATTORNEY
                              BAR NUMBER: 0109329
                              SEBRINGFL, 33870


cc: Clerk
Property Custodian, Highlands County Sheriff's Office 2017-002697
Warrants
Jail – DOB: 07/08/1969  WF
File
Pre-trial release
Defense Attorney,